## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:08CV-P187-R

**TERRELL WOOSLEY**                                                              **PLAINTIFF**

**v.**

**LADONNA THOMPSON**                                                           **DEFENDANT**

### MEMORANDUM OPINION

     Plaintiff Terrell Woosley filed this 42 U.S.C. § 1983 action against Kentucky Department of Corrections Commissioner LaDonna Thompson.  Plaintiff sued Defendant Thompson in both her individual and official capacities alleging that the Kentucky Department of Corrections violated his constitutional rights based upon the manner in which it aggregated his criminal sentences pursuant to Ky. Rev. Stat. § 532.120(1).  As relief he sought an injunction "prohibiting the Kentucky Department of Corrections from aggregating judgments and order[ing] the Kentucky Department of Corrections to deem all judgments satisfied which sentences have been served by imprisonment or uninterrupted parole supervision for a period as indicated pursuant to judgment."  On preliminary screening pursuant to 28 U.S.C. § 1915A, the Court allowed this action to proceed for further development.  The Court cautioned Plaintiff, however, that it had not made any determination regarding the ultimate viability of his claims.

     Defendant filed an answer and a motion to dismiss.  In response to Defendant's answer/motion, Plaintiff filed a response clarifying the nature of this action.  In his response, Plaintiff clarified as follows:  "Plaintiff appears in this pleading and is attacking the continued service of a prior sentence that he is still being required to serve although the term has been completed."

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.' An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal citations omitted). "A state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Based on Plaintiff's recent clarification of the nature of this suit, it is apparent that he is challenging the duration of his confinement and that the relief he seeks is a determination that he has served out some of his prior convictions. As such, this action should have been pursued as a habeas action and not as a § 1983 action.

Because Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) applies. It requires a court to dismiss a "*case at any time*" if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Based on Plaintiff's clarification of the nature of this action, it is apparent that it fails to state a claim for relief under § 1983. Accordingly, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.008